IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                             PLAINTIFF

    v.                                CRIMINAL NO. 17-50028-001

VALENTE CARRILLO-URIAS                                               DEFENDANT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the Court is Defendant's pro se **Motion for Reduction of Sentence (Doc. 25)**.

On July 6, 2017, Defendant pled guilty, pursuant to a written plea agreement (Doc. 15), to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § § 841(a)(1). On December 1, 2017, a judgment was entered sentencing Defendant to 120 months imprisonment, five years supervised release, a $900.00 fine and a $100.00 special assessment. (Doc. 23.)

In the motion before the Court, Defendant seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Guideline Amendments 782 and 788. These Amendments, effective, November 1, 2014, reduced the offense level applicable to certain drug offenses, including the type Defendant was convicted of, by two levels. These Amendments were actually applied in calculating Defendant's base offense level at a 32. (Doc. 20 ¶ 33.) Prior to the Amendment, Defendant's base offense level would have been at a 34. See 2013 U.S.S.G. § 2D1.1 Drug Quantity Table (3). Defendant was granted a three-level reduction for acceptance of responsibility, resulting in a total offense level of 29 and a Guideline range of 108 to 135 months. (Doc. 20 ¶¶ 40-42.) However, under 28 U.S.C. § 841(b)(1)(A)(viii), Defendant was subject to

AO72A
(Rev. 8/82)

a mandatory minimum term of imprisonment of 10 years, and that resulted in the Court's imposition of a 120 month sentence. Thus, Defendant received the benefit of the Guideline Amendments in calculating his offense level, but he was nevertheless subject to a statutory 10-year minimum sentence. Accordingly, there is no basis for granting his motion for a reduction in his sentence..

Based on the foregoing, the undersigned recommends that Defendant's **Motion (Doc. 25)** be **DENIED**.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 9th day of May, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)