IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                          CRIMINAL NO. 17-50028-001

VALENTE CARRILLO-URIAS                                                                   DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's *pro se* "Motion For Hardship Credit For Hard Time Served." (ECF No. 29). The undersigned, being well and sufficiently advised, finds, and recommends as follows:

On December 1, 2017, Defendant was sentenced to 120 months imprisonment for possession with intent to distribute 50 grams or more of methamphetamine. In the motion currently before the Court, Defendant requests a hardship credit seeking two days credit for each day served for the time Defendant has been under lockdown due to Covid-19. Defendant states that due to the lockdown caused by Covid-19, inmates have had limited access to recreational services, meals that failed to meet dietary needs, discolored drinking water, limited time outside of the cell, and delayed medical appointments.

A request for credit must be made, in the first instance, through the Bureau of Prisons (BOP). Administrative procedures exist within the BOP to review the Bureau's failure to credit the time a Defendant has served. "Neither the Federal Rules nor the United States Code gives a court the authority to modify a defendant's sentence once that defendant has been committed to the custody of the BOP." *United States v. Espinoza-Cardenas*, No. 14-CR-289-1 (SRN/BRT),

2019 WL 1150623, at *1 (D.Minn. Mar. 13, 2019)(Court lacked jurisdiction to hear defendant's motion for a hardship credit because defendant had not exhausted administrative procedures).

Once the Defendant has exhausted his administrative remedies, he may then seek judicial review of any jail-time credit determination by the BOP by filing a habeas petition under 28 U.S.C. § 2241 in either the district where he is confined (the Northern District of Texas), in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office.  *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004);  *United States v. Chappel*, 208 F.3d 1069, 1070 (8th Cir. 2000).

Accordingly, the undersigned recommends denying Defendant's Motion. (ECF No. 29). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 17th day of September 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE